IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Criminal No. 1:11cr87-HSO-JCG-1 |
| | § | |
| MICHAEL WILLIAM GARDNER | § | |

**ORDER DENYING DEFENDANT MICHAEL WILLIAM GARDNER'S MOTION [74] FOR COMPASSIONATE RELEASE**

BEFORE THE COURT is Defendant Michael William Gardner's Motion [74] for Compassionate Release. The Court finds that this Motion [74] should be denied.

I. BACKGROUND

A. Procedural history

Pursuant to a Plea Agreement with the Government, on February 27, 2012, Defendant Michael William Gardner ("Defendant" or "Gardner") pleaded guilty to Count 1 of the Indictment in this case, which charged that Gardner

> by force, violence and intimidation did take from the presence and person of employees of Hancock Bank, Waveland, Mississippi, money belonging to, and in the care, custody, control, management and possession of the said bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and the defendant, in committing this act, did assault and put in jeopardy the lives of the employees of the bank by the use of a dangerous weapon, that is, a crowbar.

In violation of Sections 2113(a) and (d), and 2, Title 18, United States Code.

Indictment [1] at 1; Plea Agreement [24] at 1.

On May 24, 2012, the Court sentenced Gardner to imprisonment for a term of 200 months, followed by five years of supervised release. Min. Entry, May 24, 2012. Gardner is presently incarcerated at the Federal Correctional Institution, Yazoo City Medium ("FCI Yazoo Medium") in Yazoo City, Mississippi, and his anticipated release date is September 27, 2025. *See* Reply [79] at 4-5; Ex. 1 [79-1] at 3.

Gardner filed his initial Motion [58] for Compassionate Release on June 26, 2020, asking the Court to order his early release or allow him to serve the remainder of his sentence on home confinement due to the COVID-19 pandemic. Mot. [58] at 1. The Government opposed Gardner's Motion [58] on the grounds that he had not yet exhausted administrative remedies, or alternatively that it should be denied on the merits. *See* Resp. [68] at 7. On October 9, 2020, the Court entered an Order denying Gardner's Motion [58] without prejudice because he had not complied with the mandatory exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). *See* Order [73].

B.  Gardner's Motion [74] for Compassionate Release

Gardner filed the present Motion [74] for Compassionate Release on November 30, 2020, asking the Court to grant him compassionate release because "extraordinary and compelling reasons" warrant a reduction of his sentence in light of the COVID-19 pandemic.[1] Mot. [74] at 1-3. He argues that his serious medical

---

[1] To the extent that Gardner also asserts that the Court misapplied the Sentencing Guidelines when it sentenced him as a career offender, the Court previously addressed this issue in its Order [43] entered on September 25, 2015, dismissing Gardner's Motion [41] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. *See* Order [43]; Mot. [74]. The Fifth Circuit denied Gardner's request for a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2255 motion on this issue as well. Order [51]. To the extent Gardner raises this issue in his present Motion, it constitutes as a second or successive petition, and therefore

conditions, particularly hepatitis C and tuberculosis, coupled with his age at 56 years old constitute "extraordinary and compelling reasons" warranting compassionate release. *Id.* at 3. Gardner maintains that his father is "over 89 years old and is declining [in] health due to his age and mobility functions," and that Gardner is "his only surviving family member who can provide him with the assistance he so desperately needs." *Id.* He further avers that he does not pose a threat to the public under the applicable § 3553(a) factors. *Id.* at 5.

The Government opposes Gardner's Motion [74], arguing that he has not demonstrated any extraordinary and compelling reasons warranting a sentence reduction. Resp. [76] at 7-8. The Government takes the position that despite Gardner's medical conditions, "his medical records indicate that he is receiving appropriate healthcare for his ailments," and he has therefore "failed to establish an 'extraordinary and compelling' reason for a sentence reduction." *Id.* at 10. The Government also maintains that Gardner's request for compassionate release should be denied because he still poses a significant danger to the safety of the community, and because the applicable factors set forth at 18 U.S.C. § 3553(a) weigh against his release. *See id.* at 11-13.

Gardner argues in his Reply [79] that he has exhausted his administrative remedies pursuant to § 3582(c)(1)(A). *See* Reply [79] at 25-26. He maintains that

---

he must first obtain authorization from the Fifth Circuit to pursue this particular claim. 28 U.S.C. § 2244(b)(3)(A); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) ("'[Section] 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive . . . petition until [the Fifth Circuit] has granted the petitioner permission to file one.'") (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam)).

his pre-existing health conditions, including hepatitis C and tuberculosis, warrant his early release because he is at an increased risk of "contracting COVID-19 at Yazoo Medium under these conditions," *id*. at 20, and that he "is the only family member available to care for his aging father," *id*. at 21. Gardner further avers that he does not pose a threat to the public under the applicable § 3553(a) factors. *Id*. at 21-23.

The Government has not contested that Gardner has exhausted his administrative remedies. Even if he has, the Court finds that Gardner's Motion [74] for Compassionate Release should be denied on the merits.

## II. DISCUSSION

A.  Whether Gardner has shown extraordinary and compelling reasons justifying release

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In considering district courts' denials of similar motions, the Fifth Circuit has considered the policy statement issued by the Sentencing Commission at United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. *See, e.g.*, *United States v. Smith,* 828 F. App'x 215, 216 (5th Cir. 2020) (citing U.S.S.G. § 1B1.13, p.s.). Under U.S.S.G. § 1B1.13(1)(A), a reduction is appropriate when, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, a court determines that extraordinary

4

and compelling reasons warrant a reduction, and the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13.

According to Application Note 1 of § 1B1.13, the following are deemed extraordinary and compelling reasons warranting a reduction: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; or (4) other reasons. U.S.S.G. § 1B1.13, cmt. n.1. With respect to a defendant's medical condition, the Application Note contemplates terminal illnesses, serious physical or medical conditions, serious functional or cognitive impairments, or deteriorating physical or mental health because of the aging process, that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* at cmt. n.1(A). "Other reasons" is a catchall category defined as "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances as "determined by the Director of the Bureau of Prisons." *Id.* at cmt. n.1(D).

Gardner maintains that his pre-existing medical conditions, particularly hepatitis C and tuberculosis, constitute "extraordinary and compelling reasons" warranting compassionate release due to the COVID-19 pandemic. Mot. [74] at 1; Reply [79] at 4-5. He claims that the infection rate at FCI Yazoo Medium[2] is high

---

[2] However, BOP reporting (updated daily) on FCI Yazoo Medium shows 2 reported cases of a positive test among inmates and 6 reported cases of positive tests among staff members, with 166 inmates and 10 staff members recovered from COVID-19, as of the date the of filing of this Order. U.S.

5

and that it is "impossible for inmates . . . to abide by CDC guidelines." Ex. 3 [79-3] - Decl. of Michael William Gardner at 1-2. The Government counters that the "mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country" does not present extraordinary and compelling reasons justifying a sentence reduction. Resp. [76] at 8.

Courts have considered this question and agree that generalized concerns of contracting COVID-19 do not constitute "extraordinary and compelling reasons" justifying release. *See, e.g.*, *United States v. Perez-Serrano*, No. CR 5:13-CV-2-DCB-LRA, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020); *United States v. Wright*, No. CR 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020); *United States v. Ayala-Calderon*, No. 419CR00276ALMKPJ, 2020 WL 1812587, at *2 (E.D. Tex. Apr. 8, 2020); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Munguia*, No. 3:19-CR-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020); *see also United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Fitzgerald*, No. 2:17-cr-00295-JCM-NJK, 2020 WL 1433932, at *2 (D. Nev. Mar. 24, 2020). This must be the rule because if it were otherwise and courts were required to release every prisoner with a fear or risk of contracting COVID-19, the courts "would then be obligated to release every prisoner." *Wright*, 2020 WL 1976828, at *5.

---

BUREAU OF PRISONS, COVID-19 Update, https://www.bop.gov/coronavirus/ (last visited March 23, 2021).

The Court has not located any Fifth Circuit precedent directly addressing this question, but the Third Circuit has cited this logic approvingly and noted that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Court finds this logic persuasive and that it should apply with equal force to this case.

Other courts considering the effect of pre-existing medical conditions on this analysis have held that such conditions, in and of themselves, are "not sufficient to establish extraordinary and compelling reasons to justify a reduction in [d]efendant's sentence." *United States v. Takewell*, No. CR 3:14-00036, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *see, e.g.*, *United States v. Walker*, No. 1:18CR167-HSO-JCG-1, 2020 WL 7237263, at *4 (S.D. Miss. Nov. 17, 2020) (finding defendant's chronic medical conditions, including hepatitis C and obesity, insufficient to justify reduction in sentence because defendant did not establish "exceptional and compelling circumstances"); *United States v. Gildner*, No. 4:14-CR-180, 2020 WL 4033003, at *1 (E.D. Tex. July 14, 2020) (finding defendant's pre-existing medical conditions, including his complaints of "continuous bouts of tuberculosis" insufficient to justify reduction in sentence).

Gardner's generalized concern of contracting COVID-19 is not an "extraordinary and compelling reason" justifying his release under 18 U.S.C.

7

§ 3582(c)(1)(A), despite his diagnoses of pre-existing medical conditions. His medical records show that he has received several prescriptions to control his hepatitis C and tuberculosis, including Isoniazid, Rifapentine, and Pyridoxine. *See* Medical Records [69] at 48-49. The medical records indicate that Gardner's health conditions are being monitored and treated with prescription drugs, *id*. at 12, 18-21, 45, 81-83, and that he is under the supervision of health care professionals at the BOP, *id*. at 93-99. While Gardner's health conditions may be characterized as "chronic," the medical evidence supports the conclusion that they do not "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," U.S.S.G. § 1B1.13 n.1(A)(ii), as evidenced by his ability to receive medical care from BOP for these conditions and administer prescribed medications himself, *see* Medical Records [69] at 83-84. This is insufficient to demonstrate an "extraordinary and compelling reason" justifying a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

Gardner further asserts that his age qualifies as an extraordinary and compelling reason to justify a sentence reduction. Mot. [74] at 3. According to the Sentencing Commission's policy statement on compassionate release, a defendant's age may qualify as an extraordinary and compelling reason for a sentence reduction. U.S.S.G. § 1B1.13, cmt. n.1(B). A defendant's age makes him eligible for compassionate release if he meets three criteria: (i) defendant "is at least 65 years old"; (ii) defendant "is experiencing a serious deterioration in physical or mental health because of the aging process"; and (iii) defendant "has served at least

8

10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id*. Here, Gardner is 56 years old. *See* Mot. [74] at 3; Reply [79] at 3. His projected released date is September 27, 2025. He has served approximately 56.7 percent of the imposed term of imprisonment, and has served less than 10 years of his sentence. *See* Ex. 1 [79-1] at 3; Resp. [76] at 11; PSR [32] at 7-16 (filed under seal). Finally, there is no indication that Gardner is experiencing a serious deterioration in his physical or mental health as a result of his age. Gardner has not established that his age qualifies as an extraordinary and compelling reason justifying a sentence reduction.

Finally, Gardner argues that his early release is warranted because his father "desperately needs his assistance with self-care and general maintenance of his home." Reply [79] at 21. Gardner claims that he is the "only family member available to care for his aging father," and that his desire to care for his father is an "extraordinary and compelling reason[] for reducing [his] term of imprisonment." *Id*.

Although the Court is sympathetic to Gardner's family circumstances, his assertion that his father needs a caregiver, by itself, does not constitute an extraordinary and compelling reason warranting release. The policy statement provides that death or incapacitation of a defendant's spouse or a caregiver of the defendant's children can justify a sentence reduction, in other words, a situation wherein the defendant has become the only available caregiver. U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii); *see United States v. Hudec*, No. CR 4:91-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) (denying compassionate release to defendant to care for

his father because he failed to provide documentation that indicated he is the "only available caregiver" for his father); *United States v. Sam*, No. CR 17-83, 2020 WL 3415771, at *3 (E.D. La. June 22, 2020) (denying compassionate release for family circumstances where defendant provided no evidence that the mother was incapacitated or that there were no other caregivers available); *see also United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (denying compassionate release to defendant to care for ill mother because "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary").

Gardner has attached to his Reply [79] a letter from a physician's office, indicating that his father "feels as if he would benefit from having assistance at home for his personal care and care and maintenance of his home." Ex. 4 [79-4] at 1. Gardner, however, has not submitted any documentation that would permit the Court to conclusively determine that he is the only available caregiver for his father. On the present record, Gardner's family circumstances do not justify compassionate release.

B.  <u>Whether the applicable factors set forth at 18 U.S.C. § 3553(a) weigh in favor of Gardner's release</u>

Nor has Gardner demonstrated that the applicable factors set forth under 18 U.S.C. § 3553(a) weigh in favor of his early release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or

> defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)).

Gardner notes that he has no disciplinary incidents at FCI Yazoo Medium and has continued his rehabilitation efforts while incarcerated. Reply [79] at 22. He claims that he has created a plan to transition back into society, *id.*, and that he "has been a model inmate and demonstrated extraordinary rehabilitation while incarcerated," *id.* at 24. Gardner states that the Court should take into consideration his reentry plan and his "extensive rehabilitation during his nine years in prison and the needs of his family as additional reasons for his release." *Id.* at 7. Gardner has submitted his sentencing computation data, Ex. 1 [79-1] at 3, and his individualized reentry plan, *id.* at 1-2. The Government counters that a reduction in Gardner's sentence would "demean the serious nature" of the underlying offense he committed, and that the applicable § 3553(a) factors weigh against compassionate release. Resp. [76] at 11.

Gardner is currently serving a 200-month term of imprisonment, of which he has served approximately 56.7 percent. Ex. 1 [79-1] at 3; Resp. [76] at 11; PSR [32] at 7-16. According to the Presentence Investigation Report ("PSR") prepared in this case, Gardner's offense level was a 31, and his criminal history was a category VI, with a Guidelines imprisonment range of 188 to 235 months. PSR [32] at 7-16 (filed under seal). Gardner was convicted of a serious and violent offense, armed bank

11

robbery, and the sentence imposed in this case reflects that seriousness, as well as the need for deterrence and protection of the public under the applicable factors set forth at § 3553(a). The Court finds that releasing Gardner from incarceration at this time would not reflect the gravity of his offense, protect the public, or afford adequate deterrence. *See* 18 U.S.C. § 3553(a). For these reasons as well, Gardner's Motion [74] should be denied on the merits.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Michael William Gardner's Motion [74] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 23rd day of March, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE